PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER JUAREZ VARGAS, | ) | |
| | ) | CASE NO.  1:26CV1098 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ROBERT LYNCH, *etc.*, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | [Resolving ECF No 3] |

Pending is Petitioner Javier Juarez Vargas's Petition for Writ of Habeas Corpus under

28 U.S.C. § 2241 (ECF No. 1), filed on May 12, 2026.  Petitioner is currently detained at the

Geauga County Jail in Chardon, Ohio, which is located within the Northern District of Ohio.  He

challenges his designation as an "applicant for admission" subject to mandatory detention under

8 U.S.C. § 1225(b)(2)(A).  Petitioner moves the Court to order his release from detention

because his detention without the possibility of a bond hearing is unconstitutional.  He contends

that detention is properly grounded in 8 U.S.C. § 1226, which – unlike § 1225 – generally

authorizes immigration judges to release aliens on bond.  The Court has been advised, having

reviewed the record, the Petition (ECF No. 1), Petitioner's Motion for Order to Show Cause

(ECF No. 3), Respondents' Response to the Petition (ECF No. 4), and the applicable law.  For

the reasons set forth below, the Court conditionally grants the Petition.

In *Lopez-Campos v. Raycraft*, --- F.4th ----, Nos. 25-1965/1969/1978/1982, 2026 WL

1283891 (6th Cir. May 11, 2026), the United States Court of Appeals for the Sixth Circuit

(1:26CV1098)

recently found that an "'applicant for admission' is not necessarily 'seeking admission.'"

Therefore, an "applicant for admission" is not subject to mandatory detention under 8 U.S.C.

§ 1225(b)(2)(A). *Id.* at *11. Thus, pursuant to *Lopez-Campos*, the parties agree Petitioner is

detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing under the Fifth Amendment.

*Id.* at *13.

Consistent with the relief affirmed in *Lopez-Campos*, Respondents state the Court should

order that an immigration judge conduct a bond hearing under § 1226(a),[1] or that Respondents

immediately release Petitioner.  The relief affirmed in *Lopez-Campos*, however, was that the

bond hearing take place within seven days, but Respondents request that the Court order the bond

hearing to take place within 10 days.  *See* ECF No. 4 at PageID #: 111.

For the reasons discussed above, the Court Orders Respondents to provide Petitioner with

a bond hearing under 8 U.S.C. § 1226(a) within 10 business days of the date of the Court's

Memorandum of Opinion and Order or, in the alternative, immediately release Petitioner from

custody.  The Court also Orders Respondents to file a status report within 14 business days of the

date of the Court's Memorandum of Opinion and Order to certify compliance with this Order.  If

a bond hearing is held, the status report shall inform the Court when the hearing occurred, if bond

---

[1] On May 13, 2026, Petitioner requested a bond hearing in the Immigration Court. *See* Respondent's Request for Bond Hearing (ECF No. 4-1).  Should that requested hearing take place, Petitioner's Petition for Writ of Habeas Corpus would be moot.  *See* *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004) (case becomes moot and is subject to dismissal when an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief).

(1:26CV1098)

was granted or denied, and if bond was denied, the reasons for the denial.  Petitioner's Motion

for Order to Show Cause (ECF No. 3) is denied as moot.


      IT IS SO ORDERED.


   May 15, 2026                                         */s/ Benita Y. Pearson*           
Date                                             Benita Y. Pearson
                                             United States District Judge